**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2697
_____

UNITED STATES OF AMERICA

v.

RICARDO RHYMER,

Appellant

_____

On Appeal from the United States District Court
for the District of the Virgin Islands
(Criminal No. 07-cr-00041-01)
District Judge: Hon. Curtis V. Gomez

Submitted May 4, 2010

Before: SMITH, CHAGARES, and JORDAN, Circuit Judges.

(Filed September 13, 2010)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Ricardo Rhymer pled guilty to two drug trafficking crimes and received a 60-

month sentence. His attorney has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm the conviction and sentence.[1]

## I.

Because we write solely for the benefit of the parties, we only briefly summarize the relevant facts.

Agents of the Drug Enforcement Administration ("DEA") were investigating the appellant Ricardo Rhymer ("Rhymer") for suspected trafficking of cocaine base, a controlled narcotic. On January 26, 2007, they arranged to meet with Rhymer for a controlled transaction of cocaine base. When Rhymer arrived, the agents placed Rhymer under arrest. As they did so, Rhymer attempted to dispose of a brown paper bag, which contained five grams of a substance which later tested positive for cocaine base.

Rhymer was indicted and charged with possession of five grams or more of cocaine base with intent to distribute within 1000 feet of a school in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and § 860(a), as well as possession of five grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

Rhymer filed a motion to suppress evidence and a motion to dismiss, both of which were denied by the District Court. On December 5, 2007, Rhymer entered into a

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

plea agreement with the Government. The Government agreed to drop the first charge in exchange for Rhymer's agreement to plead guilty to the second charge.

As part of the plea agreement, Rhymer waived his right to appeal his sentence so long as it fell within the statutory maximum. Joint Appendix ("JA") 31-32. At the plea colloquy, Rhymer acknowledged that he had read and understood the plea agreement, and that he understood that if he pled guilty he would likely get a sentence of 37 to 46 months of imprisonment if he qualified for the safety valve provision, but at least 5 years and up to a statutory maximum of 40 years of imprisonment if he did not qualify for the safety valve provision. JA 39-44. He also acknowledged that he understood that by pleading guilty, he was waiving a number of rights, including, inter alia, the right to appeal his conviction. JA 44-45.

The District Court held a number of sentencing hearings in Rhymer's case, primarily to determine whether or not Rhymer qualified for the "safety valve" provision of 18 U.S.C. § 3553(f), which allows a District Court to sentence a defendant below the relevant statutory mandatory minimum if certain conditions are met. One of the requirements to apply the safety valve is that the defendant must be fully informative and cooperative with law enforcement prior to sentencing. At the sentencing hearings, Rhymer argued that he should receive the "safety valve." The Government repeatedly objected, claiming that he had not given them the required information about his crime.

At the fourth and final sentencing hearing, held on April 10, 2007, the District

3

Court, after learning that Rhymer had still not informed law enforcement from whom he received the cocaine base, to whom he paid the proceeds from selling the cocaine base, and who he was in contact with about selling the cocaine base, held that Rhymer did not meet the requirements for the "safety valve" in 3553(f), and he was sentenced to the mandatory minimum of 60 months of imprisonment.

Rhymer filed a timely pro se notice of appeal to this Court. His counsel also filed a timely notice of appeal and thereafter filed an Anders brief and a motion requesting to be relieved as counsel, claiming that Rhymer's appeal raised no non-frivolous issues.

Counsel filed a timely notice of appeal, thereafter moved to withdraw, and filed an Anders brief in support of the motion.

II.

Counsel may seek to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a) (2010); see also Anders, 386 U.S. at 744. Evaluation of an Anders motion requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If we determine that "the Anders brief initially appears adequate on its

4

face," the second step of our inquiry is "guided . . . by the <u>Anders</u> brief itself." <u>Id.</u> at 301 (quotation marks and citation omitted).

We conclude that counsel's <u>Anders</u> brief is adequate, and thus, it will guide our independent review of the record. Counsel identifies three possible claims that Rhymer could make on appeal: (1) whether the District Court's denial of his motion to suppress and motion to dismiss were in error; (2) whether his guilty plea was intelligent and voluntary; and (3) whether the District Court's determination that he did not meet the § 3553(f) requirements to be sentenced below the statutory minimum was in error. Our independent review of the record confirms that these issues are wholly frivolous.

This Court has held that a defendant who pleads guilty may only challenge a District Court's rulings on pretrial motions if he or she explicitly reserved the right to challenge such a decision on appeal. <u>United States v. Bentz</u>, 21 F.3d 37, 38 (3d Cir. 1994); <u>United States v. Huff</u>, 873 F.2d 709, 712 (3d Cir. 1989). Here, it is undisputed that Rhymer made no such reservation as part of his unconditional plea of guilty. Therefore, he may not challenge the District Court's rulings on these pretrial motions.

The next possible claim is that Rhymer's guilty plea was not voluntary and intelligent, because he had a learning disability. However, such a claim has no support whatsoever in the record. The plea agreement was presented to Rhymer in writing, which he signed, and he was engaged in a very frank and thorough plea colloquy with the Magistrate Judge prior to being sentenced, including an explicit statement by the

5

Magistrate Judge, to which Rhymer agreed, that his guilty plea would mean forfeiting a number of rights, including the right to appeal. JA 45.

At the plea colloquy, it was revealed that Rhymer had an eleventh-grade education, was fully literate, and had read and reviewed the documents filed in the case on his behalf by his attorney. JA 39. He was engaged and responsive to the Magistrate Judge's statements and questions throughout the colloquy, and gave every possible indication that he fully understood and comprehended the nature and consequences of his guilty plea. In the entirety of the record, there is no objective evidence presented that Rhymer had any sort of learning disability. The only indication of a learning disability comes from Rhymer's attorney, who briefly mentioned its existence, but still stated that "there's no question in my mind" that Rhymer fully understood the nature of the charges against him and was competent to enter a guilty plea. JA 40.

Rhymer's final possible claim is that the District Court erred when it held that he was ineligible for the 3553(f) "safety valve" provision which would have made it possible for him to receive a sentence of less than 5 years of imprisonment. However, as part of the plea agreement, Rhymer explicitly waived his right to appeal the District Court's sentencing determinations so long as they were "within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined)." JA 31-32. "Waivers of appeals, if entered knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir.

2001).  Rhymer signed the plea agreement, JA 33, and he acknowledged in open court that he had done so and understood the consequences of signing this document.  JA 38-45.  Our inquiry into an appellate waiver in an Anders case is to ensure that the District Court confirmed that such a waiver was agreed to knowingly and voluntarily.  Here, the Court methodically went over the plea agreement and its consequences with Rhymer at the plea colloquy, and appropriately ascertained that his guilty plea was entered knowingly and voluntarily as provided for in Rule 11 of the Federal Rules of Criminal Procedure.  It is clear that Rhymer agreed to waive his right to appeal the sentence imposed by the District Court.

## III.

We will grant counsel's motion to withdraw and will affirm the judgment of the District Court.